**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

REBECCA A. WESTERN,         )
                                      )
         Plaintiff,             )
                                      )
v.                                    )     Case No. CIV-16-422-BMJ
                                      )
NANCY A. BERRYHILL,[1]         )
Acting Commissioner of         )
Social Security Administration,    )
                                      )
         Defendant.        )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Rebecca A. Western, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 17], and both parties have briefed their respective positions.[2] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I.    Procedural Background

On October 5, 2011, Plaintiff protectively filed an application for disability insurance benefits (DIB). *See* AR 11. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 81, 83. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated October 7, 2014. AR 7-28. The Appeals Council

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill, Acting Commissioner of Social Security Administration, is hereby substituted as the proper Defendant in this action.

[2] Citations to the parties' submissions reference the Court's ECF pagination.

denied Plaintiff's request for review. AR 1-4. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

## II.    The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date, August 26, 2010, and her date last insured, December 31, 2013. AR 13.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of degenerative disc disease of the back, right shoulder disorder, congestive heart failure, sleep apnea, and obesity. AR 13-18.[3] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18-19.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she cannot climb ladders, ropes or scaffolds. She can stand/walk for two hours in an eight-hour workday and sit for six hours in an eight-hour workday. The claimant can only occasionally kneel, crouch, crawl or stoop. She cannot climb ladders, ropes or scaffolds and cannot balance. She can occasionally climb stairs and ramps. She cannot perform overhead reaching with her right upper extremity. She can frequently reach, handle, finger and feel with her left and right upper extremities.

AR 19-22. Relying on the testimony of a vocational expert (VE), the ALJ determined Plaintiff was capable of performing past relevant work as a doctor's office receptionist. AR 22. The ALJ

---

[3] The ALJ also found Plaintiff had the non-severe impairments of right lateral epicondylitis, multi thyroid disease, and adjustment disorder with mixed anxiety and depressed mood. *Id.*

concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 22.

### III.    Issues Presented for Judicial Review

Plaintiff argues the ALJ erred with regard to the credibility analysis, failed to analyze evidence relating to medical conditions or consider the resulting limitations thereof, and did not properly evaluate the RFC.

### IV.    Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.**     <u>Analysis</u>

**A.**     **The ALJ Erred in Her Credibility Analysis**

Plaintiff takes issue with the ALJ's analysis of her credibility. Credibility determinations by the trier of fact are given great deference. As the Tenth Circuit has acknowledged:

> The ALJ enjoys an institutional advantage in making [credibility determinations]. Not only does an ALJ see far more social security cases than do appellate judges, [the ALJ] is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion.

*White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002). An ALJ's assessment of a claimant's credibility will "not be upset if supported by substantial evidence." *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001). When making a credibility determination, the ALJ must give specific reasons that are closely linked to substantial evidence. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *see also Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004); *Berryhill v. Barnhart*, 64 F. App'x 196, 198-99 (10th Cir. 2003) (unpublished); *Gonzales v. Barnhart*, 54 F. App'x 294, 295 (10th Cir. 2002) (unpublished).

In addition to the objective medical evidence, the following factors are to be considered by the ALJ when evaluating a claimant's credibility:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96–7p, 1996 WL 374186, at *3; *see also* 20 C.F.R. § 404.1529(c); *Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004). On judicial review "common sense, not technical perfection" governs whether the ALJ complied with these requirements. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

After citing the process by which an ALJ must determine credibility, discussing the function reports submitted by Plaintiff and her mother, and summarizing Plaintiff's hearing testimony, the ALJ came to the following conclusion regarding Plaintiff's credibility:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> [Plaintiff's] credibility is diminished for several reasons. On September 15, 2012, she reported that she was able to prepare meals. She did housework. She drove. She shopped for groceries. She was able to pay bills, count change, handle a savings account and use a checkbook and money orders. She played games and texted with her I phone [sic]. She did not have problems getting along with others. She did not need reminders for personal care or to take medications. She had no problems following instructions. She could handle changes in routine. These are not the actions of someone not able to do any work.

AR 21. This determination is not supported by substantial evidence.

The ALJ attributes Plaintiff's diminished credibility to an uncited September 15, 2012 report. *Id.* After searching the record the Court could not locate a report made or a medical record

showing an appointment on that date. Thus, it is unclear where in the record the ALJ supports her credibility determination.

Plaintiff also asserts the ALJ's credibility analysis is flawed because the ALJ picked and chose through the function report to create a misleading picture of Plaintiff's abilities to perform daily activities. Pl.'s Br. [Doc. No. 22], 6-8. In the decision, the ALJ relied on Plaintiff's ability to prepare meals, do housework, drive, and shop for groceries to determine the intensity, persistence, and limiting effects of Plaintiff's symptoms were not entirely credible. AR 21.[4] Plaintiff asserts the ALJ mischaracterized her ability to do these daily activities because her abilities to do them are more limited than presented by the ALJ. Pl.'s Br. 7. Plaintiff's argument has merit.

In her October 2010 function report, Plaintiff stated that she went grocery shopping, but she only went two times per month, she needed help from her husband and children, usually tired out, and did not get everything most times. AR 188. In that same report, Plaintiff advised that she could perform some housework, but she reported limitations in her ability to perform them. *Id.* In a general sense, she stated she did not clean as often because she did not have enough energy, got short of breath, and became extremely fatigued. *Id.* She contended she was able to vacuum, but she had to take "many breaks." AR 187. She could wash and dry laundry, but could not fold much

---

[4] The ALJ cited other daily activities as well—paying bills, counting change, handling a savings account, using a checkbook and money orders, playing games and texting on her iPhone, getting along with others, following instructions, and handling changes in routine. AR 21. But these daily activities are not pertinent to Plaintiff's reported pain and fatigue. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004) (finding watching television to be a minimal activity which an ALJ cannot rely to find a claimant does not suffer debilitating pain); *Schuchman v. Astrue*, No. CIV-11-1168-D, 2012 WL 5988642, at *4 (W.D. Okla. Oct. 26, 2012), *report and recommendation adopted*, No. CIV-11-1168-D, 2012 WL 5987852 (W.D. Okla. Nov. 29, 2012) (finding the ALJ improperly relied on limited activities, including spending time on the phone with family, getting on the computer, and shopping once per week).

of it and her husband helped.  *Id.*  She could dust, but only a few items at a time.  *Id.*  She also stated her husband helped load the dishwasher.  *Id.*  She was not able to mow the lawn.  AR 188.[5]

At the July 9, 2014 hearing, Plaintiff testified she got short of breath when she went into the kitchen and her husband does the cooking.  AR 66.  She also testified that within the last year her children had to start doing the dishes and vacuum.[6]  *Id.*  These statements were not included in the ALJ's summary of Plaintiff's testimony.  Plaintiff also testified that she only drove once per week, although the ALJ erroneously stated that Plaintiff's testimony was that she drives "at least once per week."  AR 42-43.

The ALJ's analysis is similar to that in *Krauser v. Astrue*, 638 F.3d 1324 (10th Cir. 2011).  In *Krauser*, the ALJ stated that in a typical day, the claimant exercised, did yard work, helped with housework, and did his own laundry.  *Id.* at 1332.  The court noted that the record showed that she actually only could perform those activities sporadically, for a few minutes at a time, and could not perform some aspects of housework.  *Id.* at 1332-33.  The court determined that on remand, "the ALJ should keep in mind that 'sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity.'"  *Id.* (*citing Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993)); *see also Sitsler v. Astrue*, 410 F. App'x 112, 117 (10th Cir. 2011) (unpublished) (noting the ALJ's findings did not include the limitations the claimant reported or testified about and stated "we have criticized this form of selective and misleading evidentiary review, holding that an ALJ cannot use mischaracterizations of a claimant's

---

[5] The function report completed by Plaintiff's mother was also considered by the ALJ.  AR 20.  This function report does not differ materially from Plaintiff's function report with regard to the daily activities at issue herein.  *See* AR 223-230.

[6] The Court recognizes that Plaintiff was last insured on December 31, 2013, but by stating she gave up those activities within the past year, Plaintiff's testimony indicates that she ceased performing those activities during a period of time she was insured.

activities to discredit his claims of disabling limitations"). After analyzing the function reports and testimony, it is clear that Plaintiff's reporting of daily activities are more restricted than alluded to in the decision. What is left is sporadic performance of household tasks, which is not sufficient to support a credibility decision by itself. *Krauser*, 638 F.3d at 1332-33.

Plaintiff further asserts the ALJ did not take into account her longitudinal medical history, medication side effects, and her "significant medication list" including narcotic pain medication when formulating the credibility determination. Pl.'s Br. 8-9. She is correct. Other than Plaintiff's daily activities, the ALJ did not address any of the other factors related to credibility. Defendant argues that an ALJ does not have to address every factor to properly support a credibility determination. Def.'s Br. [Doc. No. 28], 10-11. Defendant further points to the decision as a whole—mostly to the ALJ's step-two analysis of the medical records—arguing that the ALJ explained how the evidence was inconsistent with Plaintiff's testimony of disabling impairments "throughout her decision." *Id.* at 11. The other parts of the decision, however, do not make any findings with regard to Plaintiff's credibility.

As stated above, in order to reject the plaintiff's credibility, the ALJ must give specific reasons that are closely linked to substantial evidence. *See Kepler*, 68 F.3d at 391. In *Hardman*, the court rejected the ALJ's credibility determination when it was "unable to determine . . . the specific evidence that led the ALJ to reject claimant's testimony." *Hardman*, 362 F.3d at 679. The only specific evidence the ALJ provided for rejecting claimant's testimony was regarding Plaintiff's activities and daily living—the Court will not speculate as to other factors contained elsewhere in the decision on which the ALJ might have also based his decision.

For the foregoing reasons, the ALJ's credibility determination is not supported by substantial evidence, and remand is proper.

**B.** **The Court Does Not Reach Plaintiff's Remaining Points of Error**

Plaintiff also argues the ALJ failed to discuss evidence regarding or consider the resulting limitations of her incontinence and tremors. Pl.'s Br. 3-6. She further argues the ALJ failed to incorporate all of Plaintiff's limitations in the RFC. Pl.'s Br. 9-12. The Court does not reach the merits of Plaintiff's claims as they "may be affected by the ALJ's treatment of the case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**VI.** **Conclusion**

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 25th day of August, 2017.

                                                   BERNARD M. JONES
                                                   UNITED STATES MAGISTRATE JUDGE